David C. Wakefield, Esq.   Bar #: 185736
Law Offices of David C. Wakefield
10620 Treena Street, Suite 230
San Diego, CA 92131
Telephone:  619.241.7112; Facsimile:  619.342.7755
E-mail:    dcw@DMWakeLaw.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BARKER,<br><br>Plaintiff,<br><br>v.<br><br>OM NAMO SHIVAM, INC.; AND DOES 1 THROUGH 10, Inclusive<br><br>Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS**<br>**[42 U.S. C. §12182(a) ET. SEQ; CA CIVIL CODE 51, 52, 54, 54.1, 54.3]**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1.     Plaintiff MICHAEL BARKER herein complains, by filing this Civil Complaint in accordance with rules of Civil Procedure within this court that Defendants have in the past, and presently are, engaging in discriminatory practices against individuals with disabilities. Therefore, Plaintiff makes the following allegations in this civil rights action:

2.     The property that is the subject of this action is located in San Luis Obispo County.

1

3.  The federal jurisdiction of this action is based on 42 U.S.C. 12101 Et. seq. Venue in the Judicial District of the United States District Court of the Central District of California is in accordance with 28 U.S.C. § 1391(b) because a substantial part of Plaintiff's claims arose within the Judicial District of the United States District Court of the Central District of California.

## SUPPLEMENTAL JURISDICTION

4.  The Judicial District of the United States District Court of the Central District of California has supplemental jurisdiction over the state claims as alleged in this Complaint pursuant to 28 U.S.C. § 1367(a).  The reason supplemental jurisdiction is proper in this action is because all the causes of action or claims derived from federal law and those arising under state law, as herein alleged, arose from common nucleus of operative facts.  The common nucleus of operative facts, include, but are not limited to, the incidents where Plaintiff was denied full and equal access to Defendants' goods, and/or services in violation of both federal and state laws when he attempted to enter, use, and/or exit Defendants' services as described within paragraphs 8 through 13 of this Complaint.  Further, due to this denial of full and equal access, Plaintiff and other individuals with disabilities were injured.  Based upon the said allegations the state actions, as stated herein, are so related to the federal actions that they form part of the same case or controversy, and the actions would ordinarily be expected to be tried in one judicial proceeding.

## NAMED DEFENDANTS AND NAMED PLAINTIFF

5.  Defendants are, and, at all times mentioned herein, were, a business or corporation or franchise organized and existing and/or doing business under the laws of the State of California.   Plaintiff is informed and believes and thereon alleges that Defendant OM NAMO SHIVAM, INC. is the operator of the business known as Rockview Inn and Suites located at 1080 Market Ave., Morro Bay, CA 93442.

COMPLAINT
CASE #

Plaintiff is informed and believes and thereon alleges that Defendant OM NAMO SHIVAM, INC. is the owner, operator, and/or lessor of the real property located at 1080 Market Ave., Morro Bay, CA 93442.

6. The words Plaintiffs and Plaintiff as used herein specifically include MICHAEL BARKER.

7. Defendants Does 1 through 10, were at all times relevant herein subsidiaries, employers, employees, and/or agents of OM NAMO SHIVAM, INC.. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will pray leave of the court to amend this complaint to allege the true names and capacities of the Does when ascertained.

8. Plaintiff is informed and believes and thereon alleges, that Defendants and each of them herein were, at all times relevant to the action, the owner, lessor, lessee, franchiser, franchisee, general partner, limited partner, agent, employee, representing partner, or joint venturer of the remaining Defendants and were acting within the course and scope of that relationship. Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent to, ratified, and/or authorized the acts alleged herein to each of the remaining Defendants.

**CONCISE SET OF FACTS**

9. Plaintiff MICHAEL BARKER ("BARKER") has physical impairments. Plaintiff BARKER said physical impairments substantially limit one or more of the following major life activities including but not limited to: walking. Plaintiff BARKER is unable to walk long distances and he is not able to run, jump or climb like people under the standard deviation curve.

10. In September 2014, Plaintiff BARKER went to Defendants' public accommodation facilities known as Rockview Inn and Suites located at 1080 Market

Ave., Morro Bay, CA 93442, to utilize their goods and/or services. When Plaintiff BARKER patronized Defendants' facilities, he was denied equal access to and had difficulty using the public accommodations' facilities since Defendants' facilities failed to comply with Americans With Disabilities Act Accessibility Guidelines ("ADAAG", codified at 28 CFR Part 36, Appendix A), and California's Title 24 Building Code Requirements. Defendants failed to remove barriers to equal access within their public accommodation facilities. Plaintiff BARKER personally experienced difficulty with said barriers to equal access that relate to his disabilities at Defendants' facilities. The examples listed below of known barriers to equal access are not an exhaustive list of the barriers to equal access that relate to his disabilities that exist at Defendants' facilities.

11.     For example, the access barriers personally experienced by Plaintiff are: Defendants parking facilities failed to provide the required compliant Van Accessible disabled parking space or regular disabled parking space.  Defendant had no compliant disabled parking at the property.  The existing disabled parking had no access aisle.  Plaintiff BARKER requires the use of a compliant accessible disable parking space to safely exit and re-enter his vehicle.  Defendants' failure to provide the required compliant disabled parking and disabled parking disability signage caused Plaintiff BARKER great difficulty in safely parking at Defendants' establishment since BARKER may be precluded from exiting or re-entering his vehicle if the disabled parking and disabled parking signage is not present and others park improperly.  Defendant failed to provide the required van accessible disabled parking signage including tow-away signage.  Defendant parking facilities also failed to provide a van accessible disabled parking space that had the required access aisle that formed a part of an accessible route to the entrance (ADAAG 4.6.3).  Defendant failed to provide the required van accessible disabled parking space with an access

aisle of the required width. Defendants failed to provide the required $250 tow away signage. There was no marked path of travel from the parking to the entrance of the facility. Moreover, there was a threshold at the entrance to the disabled room. Also, the piping under the sink failed to have the proper insulation.

12.   Plaintiff can prove these barriers exist since Plaintiff confirmed the access barriers at Defendants' facility. Plaintiff specifically alleges that Defendants knew, to a substantial certainty, that the architectural barriers precluded wheelchair access. First, Plaintiff will prove that Defendants had actual knowledge that the architectural barriers precluded wheelchair access and that the noncompliance with ADAAG and Title 24 of the California Building Code as to accessible features was intentional.

13.   Second, due to the abundance of disability rights information and constant news coverage of disability discrimination lawsuits, Defendants had actual knowledge of the state disability laws and ADAAG access requirements and decided deliberately not to remove architectural barriers. Plaintiff alleges any alternative methods preclude integration of wheelchair patrons, as it requires them to use second-class facilities. Also, expert testimony will show the facility contained inaccessible features

14.   Plaintiff BARKER intends to return to Defendants' public accommodation facilities in the immediate future. Plaintiff BARKER is presently deterred from returning due to his knowledge of the barriers to equal access that exist at Defendants' facilities that relate to his disabilities.

15.   Pursuant to state law and federal ADAAG access requirements, Defendants are required to remove barriers to their existing facilities. Further, Defendants had actual knowledge of their access barrier removal duties under the state disability laws. Also, Defendants should have known that individuals with disabilities are not required to give notice to a governmental agency before filing suit alleging

Defendants failed to remove architectural barriers to access.

16. Plaintiff believes and herein alleges Defendants' facilities have access violations not directly experienced by Plaintiff BARKER but are related to his disability that would preclude or limit equal access by BARKER, potentially including but not limited to violations of the ADAAG and Title 24 of the California Building Code.

17. Based on these facts, Plaintiff alleges he was discriminated against each time he patronized Defendants' facilities.

## NOTICE

18. Plaintiff is not required to provide notice to the defendants prior to filing a complaint. Skaff v Meridien N. Am. Beverly Hills, LLC, 506 F.3d 832 (9th Cir. 2007), see also, Botosan v. Paul McNally Realty, 216 F.3d 827, 832 (9th Cir 2000).

## WHAT CLAIMS PLAINTIFF IS ALLEGING AGAINST EACH NAMED DEFENDANT

19. OM NAMO SHIVAM, INC.; and Does 1 through 10 will be referred to collectively hereinafter as "Defendants."

20. Plaintiff aver that the Defendants are liable for the following claims as alleged below:

## DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS

FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS- **Claims Under The Americans With Disabilities Act Of 1990**

CLAIM I AGAINST ALL DEFENDANTS: **Denial Of Full And Equal Access**

21. Based on the facts plead at ¶¶ 8 - 16 above and elsewhere in this complaint, Plaintiff MICHAEL BARKER was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations. Plaintiff alleges Defendants are a public accommodation owned, leased and/or operated by

6

Defendants. Defendants' existing facilities and/or services failed to provide full and equal access to Defendants' facility as required by 42 U.S.C. § 12182(a).  Thus, Plaintiff MICHAEL BARKER was subjected to discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because Plaintiff MICHAEL BARKER was denied equal access to Defendants' existing facilities.

22.     Plaintiff MICHAEL BARKER has physical impairments as alleged in ¶ 8 above because his conditions affect one or more of the following body systems: neurological, musculoskeletal, special sense organs, and/or cardiovascular.  Further, Plaintiff MICHAEL BARKER's said physical impairments substantially limits one or more of the following major life activities:  walking.  In addition, Plaintiff MICHAEL BARKER cannot perform one or more of the said major life activities in the manner, speed, and duration when compared to the average person.  Moreover, Plaintiff MICHAEL BARKER has a history of or has been classified as having a physical impairment as required by 42 U.S.C. § 12102(2)(A).

CLAIM II AGAINST ALL DEFENDANTS: **Failure To Make Alterations In Such A Manner That The Altered Portions Of The Facility Are Readily Accessible And Usable By Individuals With Disabilities**

23.     Based on the facts plead at ¶¶ 8 - 16 above and elsewhere in this complaint, Plaintiff MICHAEL BARKER was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants. Defendants altered their facility in a manner that affects or could affect the usability of the facility or a part of the facility after January 26, 1992. In performing the alteration, Defendants failed to make the alteration in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, in violation of 42 U.S.C. §12183(a)(2).

24. Additionally, the Defendants undertook an alteration that affects or could affect the usability of or access to an area of the facility containing a primary function after January 26, 1992. Defendants further failed to make the alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities in violation 42 U.S.C. §12183(a)(2).

25. Pursuant to 42 U.S.C. §12183(a), this failure to make the alterations in a manner that, to the maximum extent feasible, are readily accessible to and usable by individuals with disabilities constitutes discrimination for purposes of 42 U.S.C. §12183(a). Therefore, Defendants discriminated against Plaintiff in violation of 42 U.S.C. § 12182(a).

26. Thus, Plaintiff MICHAEL BARKER was subjected to discrimination in violation of 42 U.S.C. § 12183(a), 42 U.S.C. §12182(a) and 42 U.S.C. §12188 because Plaintiff MICHAEL BARKER was denied equal access to Defendants' existing facilities.

CLAIM III AGAINST ALL DEFENDANTS: **Failure To Remove Architectural Barriers**

27. Based on the facts plead at ¶¶ 8 - 16 above and elsewhere in this complaint, Plaintiff MICHAEL BARKER was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants. Defendants failed to remove barriers as required by 42 U.S.C. § 12182(a). Plaintiff is informed, believes, and thus alleges that architectural barriers which are structural in nature exist within the following physical elements of Defendants' facilities including but not limited to the disabled parking, exterior path of travel, and restroom facilities, as said facilities

were not accessible because they failed to comply with the Federal ADA Accessibility Guidelines ("ADAAG") and California's Title 24 Building Code Requirements. Defendants failed to remove barriers to equal access within their public accommodation facilities. Title III of the ADA requires places of public accommodation to remove architectural barriers that are structural in nature to existing facilities. [See, 42 United States Code 12182(b)(2)(A)(iv).] Failure to remove such barriers and disparate treatment against a person who has a known association with a person with a disability are forms of discrimination. [See 42 United States Code 12182(b)(2)(A)(iv).] Thus, Plaintiff MICHAEL BARKER was subjected to discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because he was denied equal access to Defendants' existing facilities.

### CLAIM IV AGAINST ALL DEFENDANTS: **Failure To Modify Practices, Policies And Procedures**

28. Based on the facts plead at ¶¶ 8 - 16 above and elsewhere in this complaint, Defendants failed and refused to provide a reasonable alternative by modifying its practices, policies and procedures in that they failed to have a scheme, plan, or design to assist Plaintiff and/or others similarly situated in entering and utilizing Defendants' services, as required by 42 U.S.C. § 12188(a). Thus, Plaintiff MICHAEL BARKER was subjected to discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because Plaintiff MICHAEL BARKER was denied equal access to Defendants' existing facilities.

29. Based on the facts plead at ¶¶ 8 - 16 above, Claims I, II, III and IV of Plaintiff's First Cause Of Action above, and the facts elsewhere herein this complaint, Plaintiff will suffer irreparable harm unless Defendants are ordered to remove architectural, non-architectural, and communication barriers at Defendants'

public accommodation. Plaintiff alleges that Defendants' discriminatory conduct is capable of repetition, and this discriminatory repetition adversely impacts Plaintiff and a substantial segment of the disability community. Plaintiff alleges there is a national public interest in requiring accessibility in places of public accommodation. Plaintiff has no adequate remedy at law to redress the discriminatory conduct of Defendants. Plaintiff desires to return to Defendants' places of business in the immediate future. Accordingly, the Plaintiff alleges that a structural or mandatory injunction is necessary to enjoin compliance with federal civil rights laws enacted for the benefit of individuals with disabilities.

30. WHEREFORE, Plaintiff prays for judgment and relief as hereinafter set forth.

## SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS - **CLAIMS UNDER CALIFORNIA ACCESSIBILITY LAWS**

CLAIM I: **Denial Of Full And Equal Access**

31. Based on the facts plead at ¶¶ 8 - 16 above and elsewhere in this complaint, Plaintiff BARKER was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants as required by Civil Code Sections 54, 54.1, and specifically 54.1(d). Defendants' facility violated state disability access laws, the ADAAG (codified at 28 CFR Part 36, Appendix A), and California's Title 24 Accessible Building Code by failing to provide equal access to Defendants' facilities to persons with disabilities.

32. Defendants denied Plaintiff BARKER full and equal access to Defendants' facility. Thus, Plaintiff BARKER was subjected to discrimination pursuant to Civil Code §§ 54, 54.1, and 54.3 because Plaintiff BARKER was denied full, equal and safe access to Defendants' facility.

CLAIM II: **Failure To Modify Practices, Policies And Procedures**

33.     Based on the facts plead at ¶¶ 8 - 16 above and elsewhere herein this complaint, Defendants failed and refused to provide a reasonable alternative by modifying its practices, policies, and procedures in that they failed to have a scheme, plan, or design to assist Plaintiff and/or others similarly situated in entering and utilizing Defendants' services as required by Civil Code § 54.1.  Thus, Plaintiff BARKER was subjected to discrimination in violation of Civil Code § 54.1.

CLAIM III: **Violation Of The Unruh Act**

34.     Based on the facts plead at ¶¶ 8 - 16 above and elsewhere herein this complaint and because Defendants violated the CA Civil Code § 51 by specifically failing to comply with Civil Code §51(f).  Defendants' facility violated state disability laws, the ADAAG (codified at 28 CFR Part 36, Appendix A), and California's Title 24 Accessible Building Code by failing to provide equal access to Defendants' facilities.  Defendants did and continue to discriminate against Plaintiff in violation of Civil Code §§ 51(f), and 52.

35.     Based on the facts plead at ¶¶ 8 - 16 above, Claims I, II, and III of Plaintiffs' First Cause Of Action above, and the facts elsewhere herein this complaint, Plaintiff will suffer irreparable harm unless Defendants are ordered to remove architectural, non-architectural, and communication barriers at Defendants' public accommodation.  Plaintiff alleges that Defendants' discriminatory conduct is capable of repetition, and this discriminatory repetition adversely impacts Plaintiff and a substantial segment of the disability community.  Plaintiff alleges there is a state public interest in requiring accessibility in places of public accommodation.  Plaintiff has no adequate remedy at law to redress the discriminatory conduct of Defendants. Plaintiff desires to return to Defendants' places of business in the immediate future. Accordingly, the Plaintiff alleges that a structural or mandatory injunction is necessary to enjoin compliance with state civil rights laws enacted for the benefit of

individuals with disabilities.

36. Wherefore, Plaintiff prays for damages and relief as hereinafter stated.

### Treble Damages Pursuant To Claims I, II, III Under The California Accessibility Laws

37. Defendants, each of them respectively, at times prior to and including the day Plaintiff patronized Defendants' facilities, and continuing to the present time, knew that persons with physical disabilities were denied their rights of equal access to all portions of this public accommodation facility. Despite such knowledge, Defendants, and each of them, failed and refused to take steps to comply with the applicable access statutes; and despite knowledge of the resulting problems and denial of civil rights thereby suffered by Plaintiff. Defendants, and each of them, have failed and refused to take action to grant full and equal access to Plaintiff in the respects complained of hereinabove. Defendants, and each of them, have carried out a course of conduct of refusing to respond to, or correct complaints about, denial of disabled access and have refused to comply with their legal obligations to make Defendants' public accommodation facilities accessible pursuant to the ADAAG and Title 24 of the California Code of Regulations (also known as the California Building Code). Such actions and continuing course of conduct by Defendants in conscious disregard of the rights and/or safety of Plaintiff justify an award of treble damages pursuant to sections 52(a) and 54.3(a) of the California Civil Code. The California Supreme Court has stated: "…the statute provides for damages aside from any actual damages incurred by the plaintiff. 'This sum is unquestionably a penalty which the law imposes, and which it directs shall be paid to the complaining party. ... [But], while the law has seen fit to declare that it shall be paid to the complaining party, it might as well have directed that it be paid into the common-school fund. The imposition is in its nature penal, having regard only to the

fact that the law has been violated and its majesty outraged'." *Koire v Metro Car Wash (1985) 40 Cal.3d 24, 33-34* [citing its decision in *Orloff v. Los Angeles Turf Club (1947) 30 Cal.2d 110, 115*].

38. Defendants, and each of their actions have also been oppressive to persons with physical disabilities including Plaintiff and have evidenced actual or implied malicious intent toward Plaintiff who has been denied the proper access to which he is entitled by law. Further, Defendants and each of their refusals or omissions to correct these problems evidence disregard for the rights of Plaintiff.

39. Plaintiff prays for an award of treble damages against Defendants, and each of them, pursuant to California Civil Code sections 52(a) and 54.3(a).

40. Wherefore, Plaintiff prays for damages and relief as hereinafter stated.

## DEMAND FOR JUDGMENT FOR RELIEF:

A. For actual damages pursuant to Cal. Civil Code §§ 52 or 54.3;

B. For $4,000 in minimum statutory damages pursuant to Cal. Civil Code § 52 for each and every offense of Civil Code § 51, pursuant to Munson v. Del Taco, (June 2009) *46 Cal. 4th 661*;

C. In the alternative to the damages pursuant to Cal. Civil Code § 52 in Paragraph B above, for $1,000 in minimum statutory damages pursuant to Cal. Civil Code § 54.3 for each and every offense of Civil Code § 54.1;

D. For injunctive relief pursuant to 42 U.S.C. § 12188(a) and Cal. Civil Code §52. Plaintiff requests this Court enjoin Defendants to remove all architectural and communication barriers in, at, or on their facilities including without limitation violations of 42 U.S.C. § 12188(a) and Cal. Civil Code §51. Plaintiff does not seek injunctive relief pursuant to Cal. Civil Code §55 and does not seek attorneys fees pursuant to Cal. Civil Code §55.

E. For attorneys' fees pursuant to 42 U.S.C. § 12205 and Cal. Civil Code §§ 52, 54.3;

COMPLAINT
CASE #

F. For treble damages pursuant to Cal. Civil Code §§ 52(a) or 54.3(a);

G. A Jury Trial and;

H. For such other further relief as the court deems proper.

Respectfully submitted:

                                      LAW OFFICES OF DAVID C. WAKEFIELD

Dated: July 24, 2015

                              By:   /s/David C. Wakefield
                                    DAVID C. WAKEFIELD, ESQ.
                                    Attorney for Plaintiff